IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QBE INSURANCE CORPORATION,

Plaintiff,

v.

DANNA, LLC, *d/b/a* Catalyst Modern Energy, et al.,

Defendants.

Case No. 21-1364 JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff QBE Insurance Corporation:

> **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) (partnerships and limited liability companies are citizens of every state of which any member is a citizen); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company.

Plaintiff states Danna, LLC is a limited liability company with its principal place of business in Minnesota, but this is not enough. Plaintiff must allege each member of the LLC and their citizenship.

**Failure to allege the citizenship of an individual.**  A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence.  28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998).  Allegations of "residence" are jurisdictionally insufficient.  *Steigleder v. McQuesten*, 198 U.S. 141 (1905).  Dismissal is appropriate where parties allege residence but not citizenship.  *Held*, 137 F.3d at 1000.

Complaint does not state the citizenship of defendants Andrew Nooleen, Kim Nooleen and Brett Peterson.

The Court hereby **ORDERS** plaintiff shall have up to and including November 15, 2021 to amend the faulty pleading to correct the jurisdictional defects.  *See* 28 U.S.C. § 1653.  Failure to cure the noted defects will result in dismissal of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: 11/2/2021**

                                               *s/J. Phil Gilbert*
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**